IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO



| | |
|---|---|
| UNITED STATES OF AMERICA, | INDICTMENT |
| Plaintiff, | CRIMINAL NO. 25-12 (MAJ) |
| v. | VIOLATION: |
| [1] MIGUEL ANGEL PASTRANA-RIOS, a/k/a "Chuchin", a/k/a "Chu", a/k/a "Gallero"; (Counts 1 and 2) | 21 U.S.C. § 846 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) 18 U.S.C. § 2 |
| [2] JORGE LUIS FRADERA-VIUST, a/k/a "J", a/k/a "Jota", a/k/a "Luis Rodriguez", a/k/a "Jose Luis Rodriguez", a/k/a "Jose Luis Lopez"; (Counts 1 and 2) | (Two Counts & Forfeiture Allegation) |
| [3] FRANCIS CRUZ NIEVES, a/k/a "La Negra", a/k/a "Cheska"; (Counts 1 and 2) | |
| [4] JORGE GENOVAL JAIME, a/k/a "Geno", a/k/a "Genoval"; (Counts 1 and 2) | |

[redacted]

1

[8] RAUL OMAR DE JESUS RIOS,
a/k/a/ "El Viejo";
(Counts 1 through 2)

Defendants.

THE GRAND JURY CHARGES:

COUNT ONE
Conspiracy to Distribute and Possess with Intent to Distribute Cocaine
21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846

Beginning on a date unknown, but no later than in or about 2017, and continuing up to and until the date of the return of the instant Indictment, in the District of Puerto Rico, North Carolina and elsewhere, and within the jurisdiction of this Court,

[1] MIGUEL ANGEL PASTRANA-RIOS, a/k/a "Chuchin", a/k/a "Chu", a/k/a "Gallero";

[2] JORGE LUIS FRADERA-VIUST, a/k/a "J", a/k/a "Jota", a/k/a "Luis Rodriguez", a/k/a "Jose Luis Rodriguez", a/k/a "Jose Luis Lopez";

[3] FRANCIS CRUZ NIEVES, a/k/a "La Negra", a/k/a "Cheska";

[4] JORGE GENOVAL JAIME, a/k/a "Geno", a/k/a "Genoval";

[8] RAUL OMAR DE JESUS RIOS, a/k/a/ "El Viejo"; and

████████████████████████████████████

the defendants herein, did knowingly and intentionally, combine, conspire, and agree with each other and with other individuals, known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and to distribute, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846.

## OBJECT OF THE CONSPIRACY

The object of the conspiracy was the distribution of cocaine in various states within the continental United States for financial gain and profit which was trafficked from Puerto Rico.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and co-conspirators operated to accomplish and further the object of the conspiracy included, but was not limited to, the following:

1. Defendants and co-conspirators acquired kilogram quantities of cocaine from various sources in Puerto Rico to mail cocaine to multiple states, by means of the United States Postal Service. The kilograms of cocaine were packaged and concealed inside parcels in ways to attempt to avoid detection by law enforcement.

2. Defendants and co-conspirators in the continental United States would receive mail parcels containing cocaine for further distribution in each state.

3. The leader of the Drug Trafficking Organization, **[1] MIGUEL ANGEL PASTRANA-RIOS, a/k/a "Chuchin", a/k/a "Chu", a/k/a "Gallero"** had numerous individuals in various states with whom he communicated and facilitated the mailing of cocaine-laden mail parcels to those states.

4. The organization would collect the illicit proceeds from cocaine sales and would use the United States Postal Service to mail the drug proceeds to Puerto Rico at the direction of **[1] MIGUEL ANGEL PASTRANA-RIOS, a/k/a "Chuchin", a/k/a "Chu", a/k/a "Gallero"** and others.

5. The defendants and co-conspirators held different roles within the conspiracy, to include that of: (a) suppliers, who sold cocaine to buyers in different states; (b) brokers, who found buyers for other sellers of kilogram quantities of cocaine for a percentage of the value; (c) shippers, who facilitated drug trafficking by preparing, packaging, and mailing the kilograms of cocaine; (d) couriers/runners, who would in Puerto Rico transport and deposit cocaine-laden mail parcels at post offices and those who would receive cocaine-laden mail parcels in the Continental United States; and (e) couriers/runners who would prepare, package, and mail parcels containing the illicit proceeds of cocaine sales back to Puerto Rico.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

**Distribution of and Possession with Intent to Distribute Cocaine**
**21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)**
**18 U.S.C. § 2**

From at least in or about 2017 and continuing up until the date of the return of the instant Indictment, in the District of Puerto Rico, North Carolina, and elsewhere, and within the jurisdiction of this Court,

[1] MIGUEL ANGEL PASTRANA-RIOS, a/k/a "Chuchin", a/k/a "Chu", a/k/a "Gallero";

[2] JORGE LUIS FRADERA-VIUST, a/k/a "J", a/k/a "Jota", a/k/a "Luis Rodriguez", a/k/a "Jose Luis Rodriguez", a/k/a "Jose Luis Lopez";

[3] FRANCIS CRUZ NIEVES, a/k/a "La Negra", a/k/a "Cheska";

[4] JORGE GENOVAL JAIME, a/k/a "Geno", a/k/a "Genoval";

[8] RAUL OMAR DE JESUS RIOS, a/k/a/ "El Viejo";

the defendants herein, aiding and abetting each other and other individuals, known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute and distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C. § 2.

## NARCOTICS FORFEITURE ALLEGATION

1. The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. §853.

2. Pursuant to 21 U.S.C. § 853, upon conviction of any offense in violation of 21 U.S.C. §§ 841 and 846, set forth in Counts One and Two of this Indictment, the defendants shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

    A. $81,000 in U.S. currency seized on February 24, 2021;

    B. $113,030 in U.S. currency seized on March 25, 2021; and

    C. A sum of the money equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the results of the offenses alleged in Counts One and Two and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses alleged in Counts One and Two in the amount of at least $15,000,000, which may be entered in the form of a forfeiture money judgment.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

TRUE BILL

W. Stephen Muldrow
United States Attorney

_____
Max Perez-Bouret
Assistant United States Attorney, Chief
Transnational Organized Crime Section

FOREPERSON

Date: 01/15/25

_____
María L. Montañez-Concepción
Assistant United States Attorney, Deputy Chief
Transnational Organized Crime Section

_____
Camille Garcia-Jimenez
Assistant United States Attorney

_____
María C. Semanaz-Ojeda
Assistant United States Attorney

8